**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 9 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD K. MASON,

      Plaintiff-Appellee,
      Cross-Appellant,

    v.

OKLAHOMA TURNPIKE
AUTHORITY, SAM SCOTT, and
TERRY YOUNG,

      Defendants-Appellants,
      Cross-Appellees,

and

JAMES ORBISON, GILBERT GIBSON,
MICK LAFEVERS, JIM SCOTT, JOHN
GIBBS, JAMES BEACH, and ALAN
FREEMAN,

      Defendants.

Nos. 96-6065, 96-6069,
96-6308 & 96-6323

(D.C. No. CIV-93-1836-R)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON, BALDOCK**, and **EBEL**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

This matter concerns Plaintiff Ronald Mason's cross-appeals from district court judgments entered in his favor and against Defendants Oklahoma Turnpike Authority ("OTA"), Sam Scott and Terry Young. In Mason v. Oklahoma Turnpike Authority, 115 F.3d 1442 (10th Cir. 1997) ("Mason I"), and Mason v. Oklahoma Turnpike Authority, Nos. 96-6308, 96-6323 (10th Cir. filed June 11, 1997) ("Mason II"), we fully resolved the issues raised by Mason's cross-appeals with respect to the OTA and Sam Scott. We stayed consideration of the cross-appeals with respect to Terry Young, however, because Young filed a petition for bankruptcy during the pendency of the cross-appeals. The United States Bankruptcy Court for the Western District of Oklahoma has now lifted the automatic stay with respect to those cross-appeals. See In re Francis Arthur Young III, No. 97-13747 BH (Bankr. W.D. Okla. July 8, 1997). We have requested briefing from the parties with respect to the effect of the bankruptcy court's order. The parties have responded and they all agree that the appeal may now go forward as to Terry Young. Therefore, we lift the stays imposed in Mason I and Mason II and resolve Mason's cross-appeals with respect to Young as follows:

No. 96-6069

For the same reasons set forth in Mason I with respect to co-defendant Scott, we REVERSE the portion of the district court's January 19, 1996, order requiring Mason to make an election of punitive damages against Young and REMAND the issue for

reconsideration. On remand, the district court also shall assess against Young an attorney's fee reflective of Mason's success in this cross-appeal and in associated appeal No. 96-6065. For the reasons set forth in Mason I with respect to Young's co-defendants, we AFFIRM in all other respects.[*]

No. 96-6323

For the same reasons expressed in Mason II, the August 21, 1996, judgment of the district court awarding Mason a total of $125,080.73 in attorney's fees is AFFIRMED as to Young. We deny Mason's request for attorney's fees for work on this cross-appeal and on associated appeal No. 96-6308.[*]

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[*]The Oklahoma Turnpike Authority has advised the court that "the judgments for compensatory damages, attorneys fees and costs have been satisfied and the issue of appellate attorney's fees has been settled." However, no formal motion has been made to the court on this matter, and no other submission on this subject has been made by the other parties. Accordingly, we do not address the terms of any settlement which may have been reached, or the effect of the satisfaction of any judgment. Presumably these matters will be attended to in further proceedings among the parties in the district court and in the bankruptcy court.